AO 245D (Rev. 06/05) Judgment in a Criminal Case for Revocations
Sheet 1

# UNITED STATES DISTRICT COURT

Western District of Washington

FEB 0 1 2007

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY_____ DEPUTY

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | (For **Revocation** of Probation or Supervised Release) |
| MAXIE A. MOORE | Case Number: CR99-05534JET & CR01-5089JET |
| AKA: O'NEAL, Michael A. | USM Number: 57531-065 |
| | Karen Unger |
| | Defendant's Attorney |

## THE DEFENDANT:

☐ admitted guilt to violation of condition(s) _____ of the term of supervision.

☒ was found in violation of conditions(s)  1, 2, 3, 4, and 5   after denial of guilt.

The defendant is adjudicated guilty of these violations:

See **Sheet 1A** for list of Violations

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ The defendant has not violated condition(s)   violation #6   and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

_____
Assistant United States Attorney

FEBRUARY 1, 2007
Date of Imposition of Judgment

_____
Signature of Judge

Ronald B. Leighton
United States District Judge

February 1, 2007
Date



99-CR-05534-JGM

AO 245D    (Rev. 06/05) Judgment in a Criminal Case for Revocations
           Sheet 1A

| | | Judgment—Page 2 of 7 |
|---|---|---|
| DEFENDANT: | MAXIE A. MOORE, AKA: O'NEAL, Michael A. | |
| CASE NUMBER: | CR99-05534JET & CR01-05089JET | |

## ADDITIONAL COUNTS OF CONVICTION

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Committing a new State law violation of domestic violence. | 08/17/2006 |
| 2 | Leaving the judicial district without permission of the Court or Probation Officer. | 07/28/2006 |
| 3 | Failing to report to the U.S. Probation Officer as directed and failure to submit a monthly report | 09/05/2006 |
| 4 | Failing to notify the U.S. Probation Office of a change of residence or employment. | 09/06/2006 |
| 5 | Failing to participate in mental health treatment as directed. | 08/01/2006 |

DEFENDANT: MAXIE A. MOORE, AKA: O'NEAL, Michael A.
CASE NUMBER: CR99-05534JET & CR01-05089JET

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: six (6) months WITH CREDIT FOR TIME SERVED.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　☐ at _____ ☐ a.m. ☐ p.m. on _____.

　☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　☐ before 2 p.m. on _____.

　☐ as notified by the United States Marshal.

　☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

　　　　　　　　　　　　　　　　　　　　　Eric E. Robertson
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MARSHAL

　　　　　　　　　　　　　　　　By _____
　　　　　　　　　　　　　　　　　　　DEPUTY UNITED STATES MARSHAL

DEFENDANT: MAXIE A. MOORE, AKA: O'NEAL, Michael A.
CASE NUMBER: CR99-05534JET & CR01-05089JET

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **2** years

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug and/or alcohol test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight valid tests per month, pursuant to 18 U.S.C. § 3563(a)(5) and 18 U.S.C. § 3583(d).

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: MAXIE A. MOORE, AKA: O'NEAL, Michael A.
CASE NUMBER: CR99-05534JET & CR01-05089JET

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall submit to a search of his or her person, residence, office, property, storage unit or vehicle conducted in a reasonable manner and at a reasonable time by a probation officer.

The defendant shall participate as directed in a mental health program at the direction of his probation officer.

The defendant shall have no unsupervised contact, direct or indirect, with minor children under the age of 18, unless granted permission to do so by defendant's probation officer.

The defendant shall provide his or her probation officer with access to any requested financial information including authorization to conduct credit checks and obtain copies of the defendant's Federal Income Tax Returns.

The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or obtaining a loan without approval of the defendant's U.S. Probation Officer.

The defendant shall not obtain or possess any driver's license, social security number, birth certificate, passport, or any other form of identification in any other name other than defendant's true legal name without the prior written approval of defendant's U.S. Probation Officer.

The defendant shall cooperate with and furnish financial information and statements to the Internal Revenue Service to determine all taxes due and owing, including interest and penalties, and shall file any past tax returns in a timely manner. The defendant shall pay in full any outstanding tax liability once assessed, including interest and penalties, or enter into an installment payment plan with Collection Division of the Internal Revenue Service.

The defendant shall have no direct or indirect contact with Betty Hardy without the approval of the U.S. Probation Office.

The defendant is prohibited from traveling to the District of Oregon and shall only travel to the District of Oregon upon receipt of written authorization from the U.S. Probation Office in the District of Oregon.

The defendant shall reside in and satisfactorily participate in a residential reentry center program, to include prerelease component and day reporting program participation, if determined appropriate by the Program Manager or the U.S. Probation Officer, as a condition of supervised release or probation for up to 120 days or until discharged by the Program Manager or U.S. Probation Officer. The defendant may be responsible for a 25% gross income subsistence fee. Note the subsistence will be reduced to 10% in the event the defendant is moved to day reporting.

Restitution in the amount of $198,559.97, less any amount previously paid, is to be paid immediately. Any unpaid amount shall be paid during the period of supervision in monthly installments as directed by the Probation Officer. Interest on restitution shall be waived.

AO 245D    (Rev. 12/03) Judgment in a Criminal Case for Revocations
           Sheet 5 — Criminal Monetary Penalties

Judgment — Page 6 of 7

DEFENDANT: MAXIE A. MOORE, AKA: O'NEAL, Michael A.
CASE NUMBER: CR99-5534JET & CR01-5089JET

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ N/A | $ waived | $ 198,559.97 (less monies paid) |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☒ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Social Security Administration<br>Debt Management Section<br>PO Box 2861<br>Philadelphia, PA 19122 | $131,645.70 | $131,645.70 | |
| FAN Collections/US HUD<br>PO Box 277303<br>Atlanta, GA 30384-7303 | $33,000.00 | $23,000.00 | |
| First Financial Funding Group<br>23612 Alambre<br>Mission Viejo, CA 92691 | $27,002.20 | $27,002.20 | |
| Irwin Home Equity Corp.<br>12677 Alcosta Blvd., Ste. 500<br>San Ramon, CA 94583 | $11,000.00 | $11,000.00 | |
| Tualatin Valley Builders<br>PO Box 1138<br>Lake Oswego, OR 97035 | $ 5,912.07 | $ 5,912.07 | |
| **TOTALS** | $208,559.97 | $ 198,559.97 | |

Restitution amount ordered pursuant to plea agreement  $  198,559.97 (less monies paid)

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☒ the interest requirement is waived for the   ☐ fine   ☒ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245D    (Rev. 06/05) Judgment in a Criminal Case for Revocations
            Sheet 6 — Schedule of Payments

Judgment — Page __7__ of __7__

DEFENDANT:      MAXIE A. MOORE, AKA; O'NEAL, Michael A.
CASE NUMBER:    CR99-05534JET & CR01-05089JET

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

☒ PAYMENT IS DUE IMMEDIATELY. Any unpaid amount shall be paid to Clerk's Office, United States District Court, 700 Stewart Street, Seattle, WA 98101.

  ☒ During the period of imprisonment, no less than 25% of their inmate gross monthly income or $25.00 per quarter, whichever is greater, to be collected and disbursed in accordance with the Inmate Financial Responsibility Program.

  ☒ During the period of supervised release, in monthly installments amounting to not less than 10% of the defendant's gross monthly household income, to commence 30 days after release from imprisonment.

  ☐ During the period of probation, in monthly installments amounting to not less than 10% of the defendant's gross monthly household income, to commence 30 days after the date of this judgment.

  The payment schedule above is the minimum amount that the defendant is expected to pay towards the monetary penalties imposed by the Court. The defendant shall pay more than the amount established whenever possible. The defendant must notify the Court, the United States Probation Office, and the United States Attorney's Office of any material change in the defendant's financial circumstances that might affect the ability to pay restitution.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program are made to the United States District Court, Western District of Washington. For restitution payments, the Clerk of the Court is to forward money received to the party(ies) designated to receive restitution specified on the Criminal Monetaries (Sheet 5) page.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several and corresponding payee, if appropriate.


☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.